[Cowan v. The State.]

# Cowan *v.* The State.

## *Indictment for Burglary.*

1. *Circumstantial evidence; admissibility of evidence.*—Where in a criminal prosecution, the evidence tending to connect the defendant with the commission of the offense charged is in part circumstantial, motive or its absence, opportunity to commit the offense and any conduct or statements on the part of the accused indicating restlessness or uneasiness of mind, are proper subjects of investigation, and any pertinent facts shedding light on these inquiries may be introduced in evidence before the jury to aid them in their investigation.

2. *Burglary; conspiracy.*—On a trial under an indictment for burglary, where the evidence for the State tended to show a conspiracy between the defendant and another party to commit the burglary, the probability that the other party actually did the breaking and entering, even though the defendant was not present in person, would not raise a reasonable doubt of the guilt of the defendant, since both would be guilty as principals.

3. *Charge of court to jury as to circumstantial evidence.*—In the trial of a criminal case, where the evidence tending to connect the defendant with the offense charged is, in part, circumstantial, a charge requested by the defendant which instructs the jury that the evidence against the defendant was circumstantial, is erroneous and properly refused.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. A. A. EVANS.

The appellant in this case was indicted, tried and convicted for the burglary of the store house of one John L. Thomas. The evidence for the State tended to show that the storehouse of John L. Thomas was broken into and entered about 12 o'clock on a certain night, and that some person was seen in the store; that upon an alarm being sounded, the person inside the store ran out of the same and down the street into an alley in the rear of said storehouse, and, turning down said alley, continued to run and escaped; that there was taken from said store

a pistol and some money; that shortly after said person ran out of the storehouse the defendant was seen going around the corner from the direction of said alley at a point two blocks south of Thomas' storehouse; that at that time the defendant was alone, and that turning into the main street of Union Springs, where the burglary was committed, he went up said street in company with some other parties to Thomas' store, and assisted in the search that was made by the officers and bystanders for the person who had burglarized said store; that while the defendant was walking along the alley back of the storehouse in company with the officers and several other persons, he struck his foot against something in the alley-way and, stooping down, picked up a pistol, which he identified as the pistol taken from the store of Thomas.

There was evidence introduced tending to show that the defendant had clerked in Thomas' store for several years, and was familiar with its surroundings, and was a nephew of Thomas.

The testimony of Nelson Nixon as a witness introduced by the State tended to show a conspiracy on the part of the defendant and one Edmund Johnson to break and enter the store of said Thomas on the night said store was burglarized; that the witness Nixon was invited by the defendant to join them in the burglary; that the said witness went with the defendant and Johnson up the street towards the store of Thomas when witness left them and started on his way home; that when he had gone about 50 yards he turned round and looked back and saw the defendant and Johnson break into and enter said store. There was other evidence introduced by the State tending to show that shortly after the burglary of the storehouse of Thomas pistol shots were heard in the direction of the storehouse of the defendant, which was about two blocks south of Thomas' store on the same street, and was in the same direction that the person ran who had escaped from Thomas' store.

Alvion Hixon, a witness for the State, testified that he was the marshal of Union Springs, and on the night of the burglary of Thomas' store he heard a shot in the

direction of defendant's store; that he went in the direction of the store of the defendant when he heard the defendant calling him, the defendant being at that time some distance from his store; that on reaching the defendant he had a conversation with him, in which the defendant made certain statements and without the witness making any threats or offering any inducements for him to make such statements, against the objections and exceptions of the defendant, this witness testified that the defendant said to him that burglars had entered his store and had jumped out of the back of the store upon being shot at by the defendant; that they had taken thirteen dollars from his cash drawer.

The defendant moved to exclude this testimony of the witness upon the ground that it was immaterial, irrelevant and inadmissible, in that it related to a separate transaction from the one involved in the prosecution. The court overruled the motion, and the defendant duly excepted. This witness further testified that he had several conversations with the defendant and the defendant stated different amounts had been taken from his cash drawer when his store was burglarized; that at one time he said thirteen dollars and at others more than thirteen dollars. The defendant moved to exclude this portion of the witness' testimony upon the same grounds, and duly excepted to the court's overruling his motion.

The evidence for the defendant tended to show that the witness for the State, Nixon, was examined as a witness for the State on the preliminary examination before a justice of the peace of John Allen, who was charged jointly with the defendant at said trial with the offense of burglary of Thomas' store, and that in said examination the witness Nixon testified that on the night in which Thomas' store was burglarized, he, the witness Nixon, did not see the defendant or Allen and knew nothing about the commission of such offense. The evidence for the defendant further tended to show that said witness Nixon had stated to other persons and at various times that he had no knowledge of the burglary of Thomas' store.

The defendant requested the court to give to the jury the following written charges and separately excepted to

[Cowan v. The State.]

the court's refusal to give each of them as asked: (1.) "I charge you, gentlemen of the jury, that you must believe from the evidence in this case beyond a reasonable doubt and to a moral certainty that the defendant is guilty as charged to the exclusion to every probability of his innocence, and every reasonable doubt of his guilt; and if the prosecution has failed to furnish such measure of proof, and to impress the minds of the jury with such belief of his guilt, they should find him not guilty. And no matter how strong may be the facts, if they can be reconciled with the theory that some other person may have done the act then the guilt of the accused is not shown by a full measure of the proof which the law requires." (2.) I charge you gentlemen of the jury that the humane provision of the law is that upon a circumstantial evidence there should not be a conviction, unless it excludes every other reasonable hypothesis than that of the guilt of the accused. No matter how strong may be the circumstances, if they are reconciled with the theory that some other person may have done the act, then the guilt of the accused is not shown by the full measure of proof that the law requires. " (3.) "The evidence against the defendant is circumstantial and the defendant's innocence should be presumed by the jury until his guilt is established by evidence in all the material aspects of the case beyond a reasonable doubt and to a moral certainty."

JINKS & BLUE and T. S. FRAZER, for appellant cited Benners v. State, 69 Ala. 233; Mattison v. State, 55 Ala. 223; Gassenheimer v. State, 52 Ala. 313; Fincher v. State, 58 Ala. 215; Whitaker v. State, 106 Ala. 30; Curtis v. State, 118 Ala. 125.

MASSEY WILSON, Attorney-General for the State, cited Welsh v. State, 97 Ala. 1; Jordan v. State, 81 Ala. 20; Armor v. State, 63 Ala. 173; Walker v. State, 49 Ala. 398; Pickens v. State, 115 Ala. 42.

DOWDELL, J.— The charge on which the defendant was tried and convicted was burglary. The evidence

[Cowan v. The State.]

was in part circumstantial. Where proof of the offense charged is dependent in whole or in part on circumstantial evidence, "motive or its absence opportunity *vel non,* and any conduct of the accused indicating restlessness, or quiet peace of mind, are proper subjects of investigation ; and any pertinent facts shedding light on these inquiries may be laid before the jury to aid them in their investigations."—*Welsh v. State,* 97 Ala. 1; 3 Brick. Dig., 283, §§ 504, 505; 1 Greenleaf Ev.   §   13.

The testimony of the witness Hixson objected to by the defendant, as to various statements made by the defendant relative to an alleged burglary of the defendant's storehouse on the same night that the offense charge was committed, taken in connection with the other evidence as to the defendant's conduct on that night, was clearly revelant, and the court committed no error in admitting it.

The evidence of the State tended to show a conspiracy between the defendant and one Johnson to commit the burglary. If the conspiracy existed, the probability that Johnson actually did the breaking and entering, though the defendant was not present in person, would not raise a reasonable doubt of the guilt of the defendant, since both would be guilty as principals. Charges 1 and 2 requested by the defendant were, therefore, properly refused by the court. *Pickens v. State,* 115 Ala. 42, 51.

Charge 3 requested by the defendant stated that the evidence against the defendant was circumstantial. This was only partially true. The evidence against the defendant was in part circumstantial, and in part direct; consequently the court properly refused this charge.

We find no error in the record, and the judgment will be affirmed.