[Rigsby v. The State.]

# Rigsby *v.* The State.

## *Murder.*

(Decided July 2, 1907.  44 South. 608.)

1. *Appeal; Harmless Error; Service of Indictment.*—Under provisions of section 4333, Code 1896, a reversal will not be had because the copy of the indictment served on the defendant before his trial alleged his name to be "Neal Rigby alias Neal Rigby" where the indictment designated him as "Neal Rigsby alias Neal Rigby," no prejudice being shown.

2. *Appeal; Exception; Charge of Court.*—In a criminal case,, general exceptions to the oral charge of the court, not specifying the part objected to, is insufficient to support an assignment of error or exception.

3. *Trial; Argumentative Instructions; Alibi.*—A charge asserting that an alibi was often the only defense, an innocent man had, and that it was the jury's duty to give it proper consideration, and if the evidence was sufficient to awaken any reasonable doubt as to defendant's guilt, in good conscience the jury must find him not guilty, is argumentative and properly refused.

4. *Homicide; Conspiracy; Presence of Defendant.*—Whether the defendant was present or not at the time and place of the commission of the offense, the defendant is equally guilty, if he conspires with the others to commit the offense.

5. *Trial; Instructions; Weight of Evidence.*—Instructions asserting that before the jury can convict they must be satisfied to a moral certainty, not only that the proof was consistent with defendant's guilt, but wholly inconsistent with every other rational conclusion, and unless the jury were so convinced by the evidence that they would each venture to act on that decision in matters of the highest concern and importance they must find defendant not guilty; and charges asserting that to sustain a conviction the state must introduce evidence so strong and convincing as to exclude every other reasonable hypothesis than that of defendant's guilt, and must convince the jury beyond all reasonable doubt that he could not be innocent, or he must be acquitted, were each properly refused as tending to lead the jury to believe that a higher degree of proof was rquired than that to satisfy beyond a reasonable doubt and as requiring the jury to convict defendant, if at all, alone upon the testimony offered by the state.

6. *Trial; Instructions Covered by Those Given.*—It is not error to refuse charges covered by written charges already given.

7. *Same; Argumentative Instructions.*—A charge asserting that the humane provision of the law is that on circumstantial evidence there must not be a conviction unless to a moral certainty it excludes

[Rigsby v. The State.]

every other reasonable hypothesis than that of the guilt of defendant, etc., is argumentative and properly refused.

8. *Same; Misleading Instructions.*—A charge that if the jury found the evidence in such irreconcilable conflict that they were not satisfied beyond all reasonable doubt as to what the truth really was, and consequently had any reasonable doubt, arising therefrom, as to the defendant's guilt, they must acquit him, was misleading as to whether the reasonable doubt necessary to an acquittal was of defendant's guilt or of the truth of the evidence which was in conflict.

APPEAL from Elmore Circuit Court.

Heard before Hon. S. L. BREWER.

Neal Rigsby was convicted of murder, and he appeals. Affirmed.

The defendant and several others were indicted for the killing of Bill McCain by shooting him with a gun. Numerous exceptions were reserved to the introduction of the evidence, but it is deemed unnecessary to set them out here.   There was evidence tending to show a conspiracy between those indicted to kill deceased, and it was contended that this defendant did the shooting that resulted in the death of the defendant.   The judge's charge was reduced to writing, and is set out in extenso in the bill of exceptions.   The exception as reserved thereto, as it appears in the bill of exceptions, is as follows: The defendant excepted to that part of the general charge as a whole, and to each part separately, so far as the same referred to the guilt or innocence of any one who aids or abets in the commission of the offense with which the defendant was charged, assigning as grounds for his objection that there was no evidence here tending to show that the defendant aided or abetted any one; that the contention of the state was that the defendant himself committed the deed, not that he aided or abetted any one else in the commission of it.   The defendant also objected to the general charge of the court as a whole, and to each part separately, so far as said general charge related to the question of conspiracy, as-

signing as grounds for his objection that there was no proof tending to show any concert of action between the defendant and anybody, or between anybody and the defendant, in the commission of the offense.

The following charges were refused to defendant: (2) "Often an alibi is the only defense an innocent man has, and it is your duty under your oaths to give it proper consideration, and if the evidence as to same is sufficient to awaken any reasonable doubt as to this defendant's guilt in good conscience you must find him not guilty." (5) "If the defendant was at the time of the killing at another and different place from where it was done, and therefore was not and could not have been the person who killed deceased, or if all the evidence raises in your mind a reasonable doubt as to his presence at said time and place you will find the defendant not guilty." (6) "The court charges the jury that, if defendant has reasonably satisfied your mind that he was elsewhere at the time of the commission of the offense, then you must find the defendant not guilty." (9) "Before the jury can convict the defendant, they must be satisfied to a moral certainty, not only that the proof is consistent with defendant's guilt, but that it is wholly inconsistent with every other rational conclusion, and unless the jury are so convinced by the evidence of defendant's guilt that they would each venture to act upon that decision in matters of high concern and importance to his own interest, then they must find the defendant not guilty." (12) "If there is any evidence before you which causes you to have a reasonable doubt as to the presence of the defendant at the time and place the crime is alleged to have been committed, you must acquit the defendant." (13) "If any part of the testimony raises a reasonable doubt as to this defendant's participation in the killing, it is your duty under your oaths to find him not guilty."

[Rigsby v. The State.]

(15) "In order to sustain a conviction, the state must introduce testimony so strong and convincing as to exclude every other reasonable hypothesis than that of the defendant's guilt. It must convince you beyond all reasonable doubt that he cannot be innocent or he must be acquitted." (16) "If from all the evidence there is a reasonable probability that some one else, and not this defendant, killed the deceased, you must find him not guilty." (20) "No conviction must be had in this case unless each and every one of you is convinced beyond all reasonable doubt of the defendant's guilt, and unless you are so convinced it is your duty not to consent to a verdict against him." (21) "The humane provision of the law is that upon circumstantial evidence there must not be a conviction, unless to a moral certainty it excludes every other reasonable hypothesis than that of the guilt of the defendant. If it does not, the form of your verdict will be: 'We, the jury, find the defendant not guilty.' " (22) "The court charges the jury that there is no evidence in this case of a conspiracy." (23) General affirmative charge. (26) "If you find the evidence in this case for and against the defendant in such irreconcilable conflict that you are not satisfied beyond all reasonable doubt as to what is really the truth, and consequently have any reasonable doubt arising therefrom as to this defendant's guilt, he must be acquitted."

Defendant was convicted, and sentenced to the penitentiary for life.

F. L. TATE and GEORGE SHREVE, for appellant. No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State.

DOWDELL, J. The defendant was indicted under the name of "Neal Rigsby, alias Neal Rigby." In the copy of the indictment served on him before entering upon the trial his name was stated as "Neal Rigby, alias Neal Rigby." The defendant objected to being put upon his trial for the alleged reason that he had not been served with a true copy of the indictment against him one entire day before the daly if his trial. The point made is that in the original indictment his name is stated to be "Neal Rigsby, alias Neal Rigby"; the difference between the original and the copy being that in the copy the letter "s" is omitted from the name "Rigsby." We need not determine whether the names "Rigsby" and "Rigby" are idem souans; but on this question we would call attention to the case of *Caldwell v. State*, 146 Ala. 141, 41 South. 43. It clearly appears from the record, and we are satisfied, that no injury resulted to the defendant from the action of the court in overruling the objection of the defendant in being put upon his trial on this ground. In section 4333 of the Code of 1896 it is provided that "the judgment of conviction must not be reversed because of error in the record, when the court is satisfied that no injury resulted therefrom to the defendant." We are not to be understood as saying that there was error, but only that, if there was error, no injury resulted. The above provision was not contained in the statute at the time of the decision of the case of *Nutt v. State*, 63 Ala. 180.

The defendant was jointly indicted with three others, namely, John Rigsby, Allen Rigsby, and Jack Short. On motion of the defendant a severance was ordered, and the defendant was separately tried. The theory of the state was that the killing was the result of a conspiracy entered into for that purpose by the three defendants named in the indictment, and there was evidence to sup-

port this theory. The proof of a conspiracy oftentimes, from the very nature of things, is dependent upon circumstantial evidence, and in the establishment of the conspiracy by circumstantial evidence a wide latitude sometimes becomes necessary in the introdction of the evidence as to the circumstances tending to show a conspiracy; circumstances which, when taken separately, may appear, indeed, very slight, but, when grouped together, become very strong and convincing. A circumstance, when taken separately, may seem irrelevant; but, when taken in connection with some other circumstance, its relevancy becomes apparent.

In the case before us many objections were made and exceptions reserved in the introduction of the evidence. It would serve no good purpose to review separately each of these exceptions. It is sufficient to say we have carefully considered each and all of them, and we fail to see that any error was committed by the court in its rulings on objections to the evidence.

The oral charge of the court to the jury is set out in extenso. Two exceptions were reserved by the defendant to the oral charge. Both of these exceptions were general. The particular language of the court's charge supposed to be objectionable was not pointed out in the exception.—*Kirby v. State,* 89 Ala. 63, 8 South. 110; *Bonner v. State,* 107 Ala. 97, 18 South. 226.

Charge 2, requested by the defendant, was argumentative, and, if for no other reason, was properly refused. There was evidence from which the jury were authorized to find the existence of a conspiracy to take the life of the deceased, and in which conspiracy the defendant participated. If the defendant was a co-conspirator, he was equally guilty, whether he was present or not at the time and place of the commission of the crime.

Charge 5 ignored the evidence as to a conspiracy, and was, therefore, properly refused. Charges 6, 12, 13 and

16 were for the same reason properly refused.—*Cowan v. State*, 136 Ala. 101, 34 South. 193.

Charge 9 has been so frequently condemned by this court that it is unnecessary to cite cases.

Charge 15 was properly refused as being misleading. It had the tendency to mislead the jury to believe that a higher degree of proof is required than that to satisfy belief beyond a reasonable doubt. Moreover, a conviction is not dependent upon or confined to the testimony introduced by the state. A conviction may, and sometimes does, follow from testimony introduced by the defense.

Charge 20 finds a substantial duplicate in charge 19, given for the defendant.

Charge 21 was argumentative, and properly refused. —*Bohlman v. State*, 135 Ala. 45, 33 South. 44; *Oakley v. State*, 135 Ala. 29, 33 Southfl 693.

There was evidence from which the jury were authorized to find the existence of a conspiracy, and consequently charge 22 was properly refused.

Charge 23 was the general affirmative charge, and, as there was sufficient evidence upon which the jury were authorized to find the defendant guilty, it was therefore properly refused.

Charge 26 was involved and calculated to mislead. It had a tendency to confuse and mislead as to whether the reasonable doubt necessary to acquittal should be one of the defendant's guilt or of the truth of the evidence when there is a conflict in the evidence.

We find no reversible error in the record, and the judgment of the circuit court is affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.