(94 South. 169)

## MILLIGAN v. STATE. (6 Div. 482.)

(Supreme Court of Alabama. June 22, 1922. Rehearing Denied Oct. 12, 1922.)

I. Jury ⬡70(3)—Order for special venire held valid though only one criminal division judge was present and order was not reduced to writing and signed until after drawing.

An order for a special venire was valid, as against the contention it was drawn when only one judge of the criminal division was present and not reduced to writing before drawing the jury, where an equity division judge was also present and presumably assigned by the presiding judge, under authority of Acts 1915, p. 809, to assist in the drawing, and the presiding judge made the order under authority of Acts 1919, p. 260, before the drawing, and

signed it on the same day, and entry thereof was four or five days thereafter.

**2. Jury ⬅⮕131(11)—Court has discretion in refusing to reopen examination of juror after jury duly examined and struck.**

Where the jury was struck and thereupon one juror, who had satisfactorily answered the court's general questions and stood examination by state and accused, expressed his doubt whether he was a householder or freeholder, the court could, in its discretion, refuse to reopen examination requested by accused.

**3. Jury ⬅⮕82(2)—Mistake in name in drawing juror not sufficient to quash venire.**

Acts 1919, p. 1039, provides that mistake in juror's name is insufficient to quash the venire, and a juror, drawn as G. S., may be properly accepted, where answering as J. S. and testifying he was the identical person intended to be summoned.

**4. Criminal law ⬅⮕627(5)—Slight variance between spelling deceased's name in indictment and copy served on defendant not error.**

A slight variance between spelling of deceased's name in original indictment and in copy served on defendant presents no reversible error.

**5. Criminal law ⬅⮕590(1), 641(1)—Matter of continuance to prepare for trial is in court's discretion; denial of opportunity to employ counsel for three days after arrest improper.**

Defendant's constitutional right was violated, where he was arrested April 3 and denied opportunity of employing counsel until April 6, but the matter of continuance to prepare for trial was for the court's discretion.

**6. Criminal law ⬅⮕577 — Defendant held to have had opportunity to prepare for trial between employment of counsel April 6 and trial April 27.**

Where counsel was employed April 6, with indictment April 15, arraignment April 16, trial set for April 25 and postponed to the 27th, defendant had ample opportunity to prepare for trial.

**7. Criminal law ⬅⮕1166(1)—No reversible error where proposed witnesses actually appeared at trial, though sheriff was not previously required to furnish their addresses for summons.**

Though defendant moved that the sheriff furnish addresses of parties alleged arrested for the same murder, so that he could summon them, there was no reversible error in overruling this motion after finding the parties were not in custody, where they actually appeared at trial and the record failed to disclose defendant had no opportunity to consult them.

**8. Criminal law ⬅⮕822(1)—Oral charge must be construed as a whole.**

The oral charge must be construed as a whole, with reference to its fair presentation of all legal questions in the case.

**9. Criminal law ⬅⮕786(2)—Charge that defendant may, "if he so requests," testify, held not to put defendant in position of a suppliant.**

A charge that defendant may, "if he so requests," testify for himself, *held* not to put defendant in prejudiced attitude of a suppliant, but merely to state his testimony was not compellable.

**10. Criminal law ⬅⮕805(1)—Charging by reading from state digests and reports held unobjectionable.**

Charging by reading from state digests and decisions, where manifestly correct, *held* unobjectionable.

**11. Criminal law ⬅⮕770(1)—Charge may state theory of state and defendant.**

The charge may state contention or theory of the state and defendant in relation to the facts at issue.

**12. Criminal law ⬅⮕1053—Where no exception is reserved, ruling cannot be reviewed.**

Where no exception is reserved, to the overruling of a motion to quash the venire, a ruling cannot be presented for review.

**13. Criminal law ⬅⮕696(5)—Error not predicated upon failure to exclude answer to question not objected to.**

Error cannot be predicated upon failure to grant motion to exclude testimony, where witness answered directly a question not objected to.

**14. Witnesses ⬅⮕287(4)—State may show entire conversation in rebuttal after cross-examination.**

The state may conduct rebuttal examination upon matters shown on cross-examination, and show facts not before admissible, such as entire conversation, where cross-examination stated only a part.

**15. Criminal law ⬅⮕473—Expert may show fatality of deceased's wounds.**

A qualified expert may show fatality of deceased's several wounds.

**16. Criminal law ⬅⮕419, 420(10) — Question concerning remark witness heard held calling for hearsay.**

A question merely whether L. heard A. say L. did not go home with him was objectionable as calling for hearsay, and, if it was intended to show by L.'s silence after A.'s remark his admission he was elsewhere, the question did not sufficiently indicate A.'s remark was in L.'s hearing.

**17. Criminal law ⬅⮕1170(2)—Exclusion of answer to single question held not error, where substantially same evidence had been given.**

Exclusion of answer to single question prima facie calling for hearsay, and otherwise apparently objectionable, *held* not error, where substantially the same evidence had already been given.

⬅⮕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**18. Witnesses ⊕⊳338—Impeachment testimony not confined to character for truth and veracity.**

Impeaching testimony as to general character of witness need not be confined to character for truth and veracity.

**19. Criminal law ⊕⊳858(1)—Not error to refuse jury defendant's preliminary motions during deliberations.**

Action of court in not permitting jury to have defendant's preliminary motions during deliberations, *held* not error.

**20. Criminal law ⊕⊳1144(14)—All phases requested by defendant presumed included, where all charges given are not in record.**

Where all charges given for defendant are not in the record, those given are presumed to cover all proper phases included in refused charges.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

Charlie Milligan was convicted of murder in the second degree, and he appeals. Affirmed.

John W. Altman and Jerome Edmundson, both of Birmingham, for appellant.

It was error to refuse the defendant the right to challenge the juror Edge. 55 Ala. 1; 59 Ala. 82; 68 Ala. 515; 88 Ala. 220, 7 South. 337; 152 Ala. 9, 44 South. 608; 177 Ala. 17, 59 South. 205. The name of G. Smolian should have been stricken from the venire and another person summoned in his stead. Code 1907, § 7267; 68 Ala. 522; 137 Ala. 50, 34 South. 403; 133 Ala. 73, 31 South. 942. The requirements of Acts 1919,' p. 260, as to jurors being drawn by the judges of the criminal division, are mandatory. 68 Ala. 515; 69 Ala. 159; 24 Ill. 105, 76 Am. Dec. 736; 44 Ind. App. 578, 89 N. E. 904; 144 Ala. 629, 39 South. 507; 79 N. J. Law, 101, 74 Atl. 502. It was error to admit the testimony of the witness Cole as to an interview had at the jail by the solicitor with Neville. Defendant was not present on the occasion, and he could not be bound by what was said or done. It was error to refuse to defendant a charge that, if one fact was proved to the satisfaction of the jury that was inconsistent with defendant's guilt, the jury should acquit. 158 Ala.· 8, 48 South. 606; 8 Ala. App. 147, 62 South. 1027. The statement made by the court in its oral charge that "the defendant, in a case where he is charged with crime, has the right, if he so requests, but not otherwise, to be a witness for himself on his own behalf," was erroneous. Const. 1901, § 6; 80 South. 227.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

After a person called as a juror has been examined as to his qualifications and is de-clared competent, defendant cannot require that he be asked additional questions. 88 Ala. 37, 7 South. 302; 63 Ala. 38; 206 Ala. 56, 89 South. 69; 206 Ala. 288, 90 South. 351. An error in the use of the initials of a juror does not disqualify him. 204 Ala. 476, 85 South. 817.

GARDNER, J. Appellant was convicted of murder in the second degree, and appeals.

[1] The motion to quash the special venire was properly overruled. The judgment of the court, as appears on the second page of the transcript, shows an order in full compliance with the statute in regard to such special venire. The defendant sought to establish the invalidity of this order by showing that the order for the special venire was drawn when only one of the judges of the criminal division of the Jefferson circuit court was present, the other judge being the one elected to preside over the equity division of said court, and that the order was not reduced to writing prior to the drawing of the jury.

Conceding, without deciding, that the judgment entry could be so impeached, we are of the opinion that the objections raised are without merit. One of the judges of the criminal division, who presided upon the trial of this cause, was the judge who made the order for the special venire, and he alone, under the authority of Act of 1919, p. 260, had the right to so order; said act (section 1) providing that such special venire "shall be drawn by the judge or judges of the criminal division of such court, or by the judge or judges who may at the time be presiding over the criminal divisions of such court." In addition to this, the Legislature by Act of 1915, p. 809, expressly provided that these judges should have equal power, authority, and jurisdiction, and the presiding judge may designate any of the judges from time to time to sit in any division other than that in which he sits as of course, and he may assign to any of them the duty of drawing and impaneling the juries while the presiding judge is otherwise engaged. In the absence of anything to the contrary, it will be assumed that this was done, and in any event therefore it appears that the mere fact the judge of the equity division of the court was present at the time and assisting in drawing the jury is a matter of no material consequence. Upon the hearing of the motion evidence of the assistant circuit clerk was heard, which discloses that just before the special venire was drawn the presiding judge made the order therefor [transcript page 78], and signed an order on that day prepared for that purpose by the clerk or his assistant. This order was entered formally on the minutes four or five days thereafter. We see nothing in this action of the court of which appellant

⊕⊳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

can complain. All of this was duly made a part of the record of the court; and what was said in Spicer v. State, 69 Ala. 159, in no manner militates against the conclusion here reached.

[2] The jurors who appeared in the cause were duly qualified, but the court permitted counsel for defendant to separately examine a large number of the jurors who had previously answered satisfactorily the general questions by the court, particularly as to whether or not they were householders or freeholders, as required by law for qualification. After counsel for the defendant had concluded, special counsel for the state was permitted to likewise examine the jurors upon this particular qualification, and when this was concluded defendant's counsel stated there was one gentleman on the jury he wished to examine; that his failure to examine him was an oversight, and the juror was then examined. After the jury had been struck and seated in the jury box, one of the jurors (named Edge) expressed to the court some doubt as to whether or not he met that particular qualification, but he did not know that he was not qualified and had answered the questions conscientiously. Defendant's counsel then wanted to reopen the examination as to the qualification of this juror upon this ground, to which the court replied, in substance, that he had spent enough time qualifying the jurors, and he declined to open it up at that time, stating to counsel that he had given ample opportunity and had examined the jurors specially, and did not want to again reopen that question, to which action of the court the defendant reserved exceptions. As previously noted, the jurors had been duly qualified by the court on the first examination, and had been separately examined by counsel for the state and for the defendant, and ample opportunity given to that end. It was a matter resting largely within the discretion of the court, and his declination to further reopen the question under the circumstances here disclosed was free from error. Hawes v. State, 88 Ala. 37, 7 South. 302.

[3] As one of the regular jurors drawn and summoned for that week of court appeared the name of G. Smolian, and Joseph Smolian answered thereto. Smolian's testimony clearly discloses that he was the identical juror intended to be summoned, but his name was Joseph Smolian, and not "G" Smolian, and that there was a mistake in the initial of his name. The Act of 1919, p. 1039, expressly provides that any mistake in the name of any juror drawn or summoned shall not be sufficient to quash the venire or continue the cause. The motion to quash upon this ground was therefore properly overruled.

[4] The variance between the spelling of the name of the deceased in the original indictment and in the copy served on the defendant was slight and immaterial, and so clearly presents no reversible error as to require no separate discussion. Rigsby v. State, 152 Ala. 9, 44 South. 608.

[5] In the motion of the defendant for a continuance of the cause it was made to appear that defendant was arrested on the morning of April 3d, and was denied an opportunity, by those having him in custody, of employing counsel until April 6th. The authorities cited by counsel for appellant fully sustain the view that this was violative of his constitutional right. State of Okl. ex rel. v. Davis, 9 Okl. Cr. 94, 130 Pac. 962, 44 L. R. A. (N. S.) 1083; State v. Moore, 61 Kan. 732, 60 Pac. 748; Hamilton v. State, 68 Tex. Cr. R. 419, 153 S. W. 331.

[6] The matter of continuance, however, was a question which presented itself to the sound discretion of the trial court. The defendant had counsel on April 6th, and was indicted on the 15th thereafter, duly arraigned on the following day, and his trial set for the 25th of April. On the 25th his trial was postponed for the 27th. All of this fully discloses ample opportunity was given counsel for the preparation of the defendant's cause. The case of State v. Moore, supra, rests upon an entirely different state of facts.

[7] On April 18th the defendant filed a motion to the effect that at the time of his arrest there was also arrested W. B. Neville and Dan Lattimer, and two days subsequent thereto one Lloyd Little, each charged with the same offense of having murdered the same person; that Lattimer and Little, after having been confined in jail until April 8th, were taken therefrom, and their location is unknown to the defendant; that they have not been subpœnaed by the state, and that defendant desires to summon them, and asks that the solicitor and the sheriff be required to furnish their address. On April 20th the court heard the evidence, and reached the conclusion that these witnesses were not in the custody of the sheriff or the solicitor, but declined to require the solicitor to furnish their address, and the motion was overruled; but the sheriff was ordered to use diligence to have these witnesses in court on April 25th—the day set for trial. The court stated to counsel for the defendant, "If those witnesses are not here, the case will not be tried," and that opportunity would be given for the defendant to consult with them. The witnesses were produced at the trial, and nothing appears in the record to indicate that counsel for the defendant or defendant himself was not given ample opportunity to consult with these witnesses. We are unable therefore to find any reversible error in this action of the court.

The court charged the jury at length upon every phase of the law applicable to the defendant's case, quoting in many instances from the decisions of this court relating thereto. At the conclusion of the oral charge the defendant reserved exception to various

portions thereof—some of which cover lengthy discussions of the law of the case by the court.

[8, 9] The oral charge of the court must be construed as a whole, and, when so construed, we find it a fair presentation of all legal questions involved in the case, and the exceptions reserved were without merit. We will but briefly note some few of these exceptions argued by counsel for appellant. The defendant testified in his own behalf, and exception was reserved to the statement of the court in the oral charge that a defendant charged with crime has the right, if he so requests, but not otherwise, to be a witness for himself in his own behalf. We see no objection. to this portion of the charge. The argument seems to be directed against the words "if he so requests," it being insisted that the defendant has a constitutional right to testify, and this language places him in the attitude of a suppliant. We are of the opinion the language, properly construed and so understood by the jury, was simply that a defendant could not be impelled to testify, but that it must be his voluntary act, which of course is entirely correct. As the defendant had elected to testify in this cause (which election was itself in the nature of a request that he be heard as a witness), this statement was but preliminary to the further statement that as a witness his evidence is subject to impeachment as any other witness. If any holding of the Louisiana court in State v. Hataway, 144 La. 138, 80 South. 227, may be considered as indicating a contrary view, it is not to be here followed. .

[10-12] Some principles of law applicable to features of the case were read from digests of the state reports, as well as from the decisions themselves, and were manifestly correct. We can see nothing in this action of the court of which the defendant can complain. The court stated in the oral charge the contention or theory of the state and defendant, respectively, and in this there was no error. The following pronouncement of this court in Hawes v. State, 88 Ala. 37, 7 South. 302, is here directly applicable:

"The tendencies of the evidence, on either hand, appear to be very accurately set forth by the presiding judge, and his right to thus bring the facts at issue to the attention of the jury is undoubted."

[13] On page 87 of the record, it appears that counsel for defendant stated he wished to make an oral motion to quash the venire, which was overruled, but no exception reserved thereto, and nothing is presented upon that question for review. A motion was made to exclude certain testimony of Coroner Russum but the statement of the witness was in answer to a direct question to which no objection was interposed, and error there-

fore will not be predicated upon this action of the court.

[14] One Lattimer was an important witness for the state, and was subjected to very thorough and rigid cross-examination by defendant, and his testimony sought to be discredited before the jury. Upon matters thus brought out on cross-examination the state was properly permitted to further examine the witness by way of rebuttal, and then prove statements and facts which would not have been admissible in the first instance. Where part of a conversation is brought out by defendant on cross-examination, the state may, upon rebuttal, offer proof of the entire conversation bearing upon the question at that time. Palmer v. State, 168 Ala. 124, 53 South. 283; Gibson v. State, 91 Ala. 64, 9 South. 171; 12 Michie, Dig. (Ala. Rep.) pp. 1218, 1238; Jones on Ev. (2d Ed.) § 293; 22 Corpus Juris, 196, 197.

These general observations suffice to answer the arguments in reference to objections to evidence, discussed by counsel in brief under propositions F, H, and J, without detail discussion thereof.

[15-17] Witness Donaldson duly qualified as an expert, and was properly permitted to testify as to the fatality of the several wounds received by deceased. The witness Ellis Alexander, for the defendant, testified by way of impeachment of witness Little for the state that he heard Little say that he was not in the wagon with defendant on the way back from Logtown. We do not think there was error in the ruling of the court sustaining objection of the state to the question of this witness if he heard Anthony Alexander make a statement to the effect that Little came home with him. It was not made sufficiently clear to the court by counsel for defendant the purpose of the question, which upon its face was objectionable as calling for hearsay evidence, and if it was intended for the purpose of showing admission by silence, the question did not sufficiently indicate it was made in hearing of Little, or, even if so, it may be seriously questioned that it was such a statement as called for a response—a matter, however, which we need not decide. Moreover, the evidence sought to be elicited by this question was in substance the same as that the witness had just testified to, and the ruling could in no event have been of prejudicial effect. Much latitude is allowed upon cross-examination, and we find no reversible error in the ruling upon the questions asked defendant on his cross-examination complained of in brief under proposition K.

[18] The testimony of witness Cole, offered by the state in rebuttal, and to which defendant interposed objection, was admissible by way of impeachment of witness Neville, who had testified for defendant, and the objection was properly overruled. Nor was error com-

mitted in permitting witness Farror to testify to the general character of several witnesses for the defendant for the purpose of impeachment, without confining the inquiry to truth and veracity. Brown v. Moon, 196 Ala. 391, 72 'South. 29.

[19] There was no error in the action of the court declining to permit the several motions to be carried out by the jury before their deliberations. These were motions preliminarily filed by the defendant, and could serve no useful purpose with the jury in their consideration of the merits of the cause.

[20] There appear four or five charges refused to the defendant, but the record further discloses that' there were charges given at the defendant's request, but these given charges are not set out in the record. The presumption is in favor of the ruling of the court below, and therefore, in the absence of charges given for the defendant, it must be presumed that they cover every phase of the case proper for instruction to the jury, which was sought to be considered by the refused charges.

Counsel for appellant argue that the special counsel employed for the state persisted in asking questions which were illegal, and, notwithstanding the fact the court sustained objection thereto, that this constituted such prejudicial conduct as to justify a reversal of the cause, citing State v. Irwin, 9 Idaho, 35, 71 Pac. 608, 60 L. R. A. 716. We do not find, however, that any such question is here properly presented 'for consideration, but, in any event, we would be unable to hold that the conduct complained of was of such a character as to work any prejudice to the defendant.

We have here treated the questions deemed of sufficient importance by counsel for appellant to be argued in brief, but, mindful of our duty in cases of this character, we have carefully examined in consultation the other exceptions presented by the record, including additional rulings upon the evidence. We find nothing in them calling for a reversal of the cause, or deserving of special treatment.

No reversible error appearing, the judgment appealed from will be affirmed.

Upon application for rehearing, counsel argue as to the juror Edge, as if the question is one of challenge for cause, but this 'was not the question presented and treated in this opinion, but only that of the right of counsel to reopen the examination of the juror. And, even had the question of challenge been presented, it may be seriously questioned (without deciding) that, under our present system of selecting juries, it was timely. As to other matters presented in brief on this application, we rest content with the treatment given the case upon original consideration.

The application for rehearing is overruled, and the judgment affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.