(109 So. 892)

### DAILEY v. STATE.　(8 Div. 449.)

(Court of Appeals of Alabama.　June 29, 1926.
Rehearing Denied Aug. 31, 1926.)

**1. Criminal law ⚭280(2).**

Indictment in homicide case cannot be abated on ground that there was no order for drawing grand jury returning indictment prior to time jury was drawn.

**2. Jury ⚭82(2).**

Venire cannot be quashed because jury was drawn less than 20 days before date of trial, or because jurors were notified by postal cards sent through mails, in view of Code 1923, §§ 8630, 8637.

**3. Criminal law ⚭594(1).**

Continuance on ground of absent witness is within discretion of trial court.

Appeal from Circuit Court, Morgan County; J. E. Horton, Judge.

Julius Dailey was convicted of manslaughter in the first degree, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Dailey v. State, 109 So. 893.

Defendant's plea is, in substance, that the indictment be quashed and abated, for that the same was returned by a grand jury not drawn as required by law, said grand jury having been drawn on June 18, 1925, to appear and serve on July 6, 1925, and did appear and find the indictment, and that there was no order for drawing of said jury prior to June 18, 1925. The state demurred to this plea upon the ground that it fails to set up any fact that, if true, would invalidate said indictment or show cause for plea in abatement.

The motion to quash the venire rests upon the grounds that the jury were drawn less than 20 days before the day set for the trial, and that the sole and only method used to notify the jurors to appear this week was by means of a postal card sent to the jurors through the United States mail, by the sheriff, on which he wrote them they were thereby notified to come to court on July 20, 1925.

S. A. Lynne, of Decatur, for appellant.

The grand jury was drawn less than 20 days before the beginning of the next session of court, and the indictment returned should have been quashed. Code 1923, § 8617. The demurrer to the plea was general, and should have been overruled. Sandlin v. Maury Nat. Bank, 210 Ala. 349, 98 So. 190.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

No exception can be taken to an indictment by plea in abatement, except upon the ground that the grand jurors were not drawn by the officer designated by law. Code 1923, § 8630; Reeves v. State, 17 Ala. App. 684, 88 So. 197; Whitehead v. State, 206 Ala. 288, 90 So. 351. The motion to quash the venire was properly overruled, as no objection could be taken to any venire of jurors, except for fraud in drawing or summoning. Code 1923, § 8637. Continuance on account of absent witnesses is within the discretion of the trial court. Caldwell v. State, 203 Ala. 412, 84 So. 272.

BRICKEN, P. J. From a judgment of conviction for manslaughter in the first degree, defendant appealed. The jury fixed his punishment at 10 years' imprisonment in the penitentiary, and sentence was entered accordingly.

[1, 2] State's demurrer to appellant's plea in abatement was properly sustained. Reeves v. State, 17 Ala. App. 684, 88 So. 197; Garner v. State, 206 Ala. 56, 89 So. 69. There was no merit in the motion to quash the venire; it was therefore properly overruled. Sections 8630, 8637, Code 1923.

[3] The question of a continuance of a trial on the grounds of absent witness is a matter within the discretion of the trial court. In declining to grant the motion of defendant in this case for a continuance no abuse of the discretionary powers of the court appears. The only ruling of the court invoked upon the admission of evidence was without error.

The court's oral charge was able, full, and fair, and, when taken as a whole, was not subject to the exceptions reserved. There is no merit in the exceptions noted. In addition to the complete and comprehensive oral charge, the court gave, at the instance of defendant, about twenty-five special written charges. These charges, coupled with the oral charge, fully covered such of the refused charges as stated correct propositions of law. By the oral and given charges every phase of the law governing all the issues involved upon this trial were correctly stated.

The facts adduced upon the trial presented a question for the jury. We discover no error in the refusal to grant the motion for a new trial.

The record appears regular. Let the judgment appealed from stand affirmed.

Affirmed.