(128 So. 899)

## CARPENTER v. CITY OF BIRMINGHAM.
### 6 Div. 565.

Supreme Court of Alabama.
March 27, 1930.

As Modified on Denial of Rehearing June 5, 1930.

Oscar Metz, of Birmingham, for appellant.

W. J. Wynn and Ralph E. Parker, both of Birmingham, for appellee.

FOSTER, J.

■ While we agree with the opinion of the Court of Appeals as far as it goes, we think it advisable to make clear our views as to the meaning of the term "next session" as used in section 3388, Code. That expression referred to in that section as well as the date fixed by the notice prescribed in section 3389, on which sureties on a defaulted appearance bond should be cited to appear, ought also to be governed by section 9486, Code. The latter section in effect provides that process shall direct that defendant be allowed thirty days after service to appear and plead, answer or demur. Taking that provision in connection with the two sections, 3388 and 3389, we conclude that the defendants should be served with the notice of the conditional judgment at least thirty days prior to the date on which they are directed to appear and show cause.

There is no difficulty as to the meaning of the word "term" of the court used in this connection prior to the act of 1915 (Acts 1915, p. 707, § 1), now section 6667, Code. But just what does a "session" mean, since that enactment, considered in the light of section 6675, which says it is the part of a term of court, including all calls or sittings during any term?

■ The following definitions are given in 15 Corpus Juris, 875: "A term of court is the time prescribed for holding court for the administration of judicial duties; a definite and fixed period, prescribed by law for the administration of judicial duties, within which the business of the term should be transacted. It is the time prescribed for holding court, and not the time during which the court actually sits and is engaged in transacting business, which constitutes the term, and for many purposes, as for instance, the suing out and return of process, or the filing of declarations, a time appointed by law for the holding of a court is a term, although the court does not actually convene. * * * A session of court is the time during a term in which the court sits for the transaction of business, and a court is not in session until the judge arrives and opens court. Although the words 'term' and 'session' are sometimes used as synonymous, or nearly so, there is a clear distinction between their meanings, which is sometimes important." It appears therefore that the definition of "session" in section 6675, Code, is substantially the same as the common understanding of its meaning by the courts without the aid of a statute. If we assume that a "session" continues throughout the remainder of the "term" after an organization of the court, provided the court is actually sitting during such period, we think that the words used in sections 3388 and 3389, Code, considered in the light of section 9486, Code, mean for the purposes of this situation that another "session" of the court begins at the expiration of thirty days from the service of the required notice. Such has been held to be the practical effect of sections 6636 and 6670, Code, in order to harmonize all the applicable provisions of the statutes. Chilton v. Gurganus, 218 Ala. 145, 117 So. 655.

We therefore concur in the judgment of the Court of Appeals.

Writ denied.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.