150 So. 506

DIXON et al. v. STATE.

4 Div. 970.

Court of Appeals of Alabama.

April 18, 1933.

Rehearing Denied June 30, 1933.

Mulkey & Mulkey and E. C. Boswell, all of Geneva, for appellants.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

On the trial defendants filed a plea in abatement as follows:

"And now come Harold Dixon and Clyde Dixon and appearing specially for the purpose stated, say that the indictment in this cause is void and that the prosecution should be abated, for the following reasons:

"(1) Honorable H. A. Pearce, Judge of the Circuit Court, Geneva County, Alabama, on to-wit: more than twenty days before the convening of said court at the regular session on the 5th Monday in November, 1931, drew from the jury box of Geneva County, Alabama, the names of 44 persons, to serve as jurors for the week of the 5th Monday in November, 1931, for Geneva Circuit Court. He forwarded this list to the Clerk of the Circuit Court, and thereupon the Clerk of the Circuit Court issued an order to the sheriff, commanding him to summons the said 44 persons.

"Subsequent to the first drawing, as aforesaid, on to-wit,—November 25th, 1931, the said Honorable H. A. Pearce, as Judge, drew from the jury box of Geneva County, Alabama, 19 additional names and forwarded the said names so drawn to the Clerk of the Circuit Court, Geneva County, Alabama, to constitute and form the panel of jurors for the week of November 30th, 1931, and these names were added to the list already drawn by the Judge and forwarded to the Clerk. The Clerk thereupon issued an order to the Sheriff to summons 63 persons as jurors for the Circuit Court for the week of November 30th, 1931. Several persons among those last drawn and forwarded to the Clerk were on the grand jury, which returned indictment in this case against the defendants.

"The defendants say, that Honorable H. A. Pearce was without authority in law, to draw from the jury box as part of said jury, said additional 19 names, for that, the said Judge had exhausted his authority in drawing the original panel, and that he was without authority thereafter and less than 20 days before the convening of court, to add names to the panel theretofore drawn. Wherefore, the defendants say that said indictment should be abated."

The plea was properly sworn to. To this plea the state interposed demurrer raising the questions herein decided.

The court in drawing the venire acted under sections 8617 and 8618 of the Code of 1923. These sections are directory, and, where it appears that no fraud entered into the drawing of the panel, no objection can be taken to the venire, except in cases where the drawing was not done by the officer designated by law to draw the same. Code 1923, §§ 8630, 8636, and 8637; Dailey v. State, 21 Ala. App. 516, 109 So. 892; Mullins v. State, 24 Ala. App. 78, 130 So. 527.

Hon. H. A. Pearce, judge of the circuit in which was Geneva county, is the officer designated by law to draw the venire for the circuit court, and the fact that he acted on two separate occasions in drawing the venire did not divest him of the authority imposed upon him by law.

At the beginning of the trial the following occurred:

"During the qualification of the jurors, Wicks W. Box, one of the special jurors, made known to the court that he served upon the petit jury during the preceding week, being the civil week of this term of the court, and stated that he would ask to be excused from serving this week. Thereupon, the court asked the attorneys for the defendants what they had to say. The attorneys replied that it was not, in their opinion, a lawful excuse. Thereupon the court excused the juror Wicks W. Box, stating that he would not require him to serve again this week; and the defendant excepted.

"The witnesses are called, duly sworn, and placed under the rule.

"Mr. Mulkey: We submit motion to quash the venire, for the reason that Wicks W. Box, number 48, drawn as a special Juror, is contained in the list served on the defendant, and the said Wicks W. Box has been excused by the court for the reasons already stated, and against the protest of the defendants.

"The Court: The motion is overruled. I will give you the exception.

"Mr. Mulkey: Now in that connection, we can show that while Wicks W. Box served last week, as a matter of fact the box was refilled since he was drawn on the jury last week, and his name put back in the box.

"The Court: That doesn't make any difference. I think it is discretionary with the court."

■■■ This ruling of the court was erroneous. In a capital case the accused has a right to be tried by a jury selected from the list served upon him, so far as practicable. It is intended that as to persons summoned he shall have full opportunity of ascertaining whether causes for challenge exist and also to inform himself as to whom, if any of them, he should exercise the right of peremptory challenge. "Of what avail is the right, if, without sufficient cause, the court can discharge from service persons who have been summoned and drawn? Where is the limit of the power of the court, if it can be exercised as to one such person? It could be exercised until the list was exhausted, and thus the prisoner driven to the selection of a jury from talesmen * * * as to whom he could not intelligently exercise the right of challenge, either for cause, or peremptory." Spicer v. State, 188 Ala. 9-37, 65 So. 972, 981.

■ But this action of the court in the absence of fraud furnishes no ground for a motion to quash the entire venire. Davis v. State, 168 Ala. 53, 52 So. 939; Cole v. State, 19 Ala. App. 360, 97 So. 891.

■ Refused charge 19 was fairly and substantially covered by given charge 24 and by the oral charge of the court. While the charge is not given in the exact language as here requested, the same rule of law was substantially and fairly given to the jury in the court's oral charge and written charges given at the request of defendant. Code 1923, § 9509.

Other questions presented have been examined and found to be without prejudicial injury.

We find no error, and the judgment is affirmed.

Affirmed.

## On Rehearing.

What we have held in the original opinion is that the action of the trial judge in excusing the juror Box is not properly presented on a motion to quash the venire. In this connection and as authority for this holding attention is directed to sections 8636 and 8637, Code 1923, and Cain v. State, 16 Ala. App. 303, 77 So. 453.

The application is overruled.