91 So.2d 689

**O. B. MANN**

v.

**STATE of Alabama.**

**4 Div. 885.**

Supreme Court of Alabama.

Nov. 1, 1956.

Rehearing Denied Jan. 10, 1957.

**442**

E. H. Graves, Jr., and Chauncey Sparks, Eufaula, for appellant.

John Patterson, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and Jas. W. Webb, Birmingham, of counsel, for the State.

STAKELY, Justice.

O. B. Mann (appellant) was convicted of murder in the first degree and sentenced to life imprisonment in the penitentiary. This appeal is solely upon the record. The appellant has the right to bring his case to this Court in this manner. Jones v. State, 237 Ala. 614, 188 So. 384.

On November 17, 1955, pursuant to the authority vested in the judge by virtue of the Act of the Legislature which appears in Acts of 1953, Vol. I, p. 280, as well as by virtue of § 115, Title 13, Code of 1940, the Judge of the Third Judicial Circuit by written directions to the Clerk of the Court set the time of holding the court for the trial of criminal cases for the Eufaula Division for the third Monday in January,

namely, January 23, 1956, the court to remain in session during said week or until all cases regularly brought before it have been disposed of.

The defendant was indicted on January 12, 1956, and was arraigned on January 21, 1956. The defendant filed a plea in abatement to which plea the State demurred and the date of trial was set for January 24, 1956, in accordance with an order of the court. On January 21, 1956, a special venire was drawn consisting of sixty jurors as regular jurors for the week of court beginning January 23, 1956, and an added number of twenty jurors were drawn specially in the presence of the defendant. A copy of the regular venire and a copy of the special venire were ordered on January 21, 1956, to be served on the defendant. Service of the venire as well as service of a copy of the indictment were had on the defendant on January 21, 1956.

The demurrer to the defendant's plea in abatement was heard on January 24, 1956. The demurrer to the plea was sustained. The court heard the defendant's objections to going to trial and overruled the objections, whereupon the defendant plead to the merits and trial was had. The jury found the issues in favor of the State and fixed the defendant's punishment at life imprisonment as hereinabove stated. The defendant moved for a new trial which was denied and hence this appeal.

It is insisted by the appellant that the rights of the appellant under § 63, Title 30, Code of 1940, have been seriously prejudiced. In § 63, Title 30, Code of 1940, it is provided that,

"Whenever any person or persons stand indicted for a capital felony, the court must, on the first day of the session or as soon as practicable thereafter, make an order commanding the sheriff to summon not less than fifty nor more than one hundred persons, including those drawn on the regular juries for the week set for the trial of the case, and shall then in open court draw from the jury box the number of names required, with the regular jurors drawn for the week, set for the trial, to make the number named in the order, and shall cause an order to be issued to the sheriff to summon all persons therein named to appear in court on the day set for the trial of the defendant, and must cause a list of the names of all the jurors drawn for the week in which the trial is set, and those drawn as provided in this section, together with a copy of the indictment, to be forthwith served on the defendant, by the sheriff, at least one entire day before the day set for the trial * * *."

Terms of court have been abolished. § 114, Title 13, Code of 1940. The word "session" where the reference is to the session of court means any period of time fixed by the court for the trial of cases or for the transaction of any other business, unless the context clearly indicates to the contrary. Carpenter v. City of Birmingham, 221 Ala. 368, 128 So. 899; § 123, Title 13, Code of 1940. It may also be noted that § 63, Title 30, Code of 1940, is a rewrite of certain code sections appearing in the Code of 1923, including § 8644. Section 63 uses the word session in place of the word term which appears in the first sentence of § 8644.

It is true that the court in the case at bar made an order on November 17, 1955, fixing the criminal session of the Circuit Court of Barbour County, Eufaula Division, to begin the third Monday in January, which, according to the calendar, is Monday, January 23, 1956. It seems to us that the requirement in § 63, Title 30, Code of 1940, providing that certain things be done in accordance with the statute on the first day of the session or as soon as practicable thereafter, should be regarded as directory rather than mandatory as to the exact time of their performance. Since terms of court have been abolished the court is open for business at all times and

the requirements of § 63, Title 30, Code of 1940, to which we have alluded, may be complied with at any time when the court is open for business, provided there is no prejudice to the interested parties. Board of Education of Jefferson County v. State, 222 Ala. 70, 131 So. 239. From a practical standpoint the defendant was given the benefit of a copy of the venire two days earlier than the first day of the session at which time a copy of the indictment was also served on him.

We conclude that there was no prejudicial error in the action of the court taken on January 21, 1956.

■ II. The defendant filed the following plea of misnomer:

"Comes the defendant in his own proper person and for plea of misnomer says: His true name is Charlie O. Mann and not O. B. Mann as alleged in the indictment; which he is ready to verify, and prays judgment that the indictment be quashed."

The court sustained the demurrer to the plea of misnomer. The defendant failed to aver that he had never been known as or called by the name of O. B. Mann. Section 288, form No. 4, Title 15, Code of 1940, sets out the statutory plea of misnomer as follows:

"Comes the defendant (in his own proper person, or by attorney), and for plea of misnomer says: His true name is A. B., and not C. D. as alleged in the indictment; and that he has never been known or called by the name of C. D., which he is ready to verify, and prays judgment that the indictment be quashed."

The foregoing form was held good in Asberry v. State, 24 Ala.App. 375, 135 So. 605, where the court said:

"* * * it is essential to allege * * * that the defendant has never been known or called by the name as alleged in the indictment."

The court acted correctly in sustaining the demurrer to the plea of misnomer.

We have examined the record carefully and find no error therein. The judgment and sentence of the lower court are due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.