**163**

156 So.2d 795

**Floyd WASHINGTON**

v.

**STATE.**

**8 Div. 812.**

Court of Appeals of Alabama.

Oct. 8, 1963.

H. T. Foster and John B. Tally, Scottsboro, for appellant.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

The appellant was indicted for murder in the first degree and convicted of manslaughter in the first degree and sentenced to nine years imprisonment in the penitentiary.

It is the contention of the State of Alabama, under the tendency of the evidence, that R. C. Henry, the deceased, went inside a place of business, known as Evan's Cafe situated at 1141/2 West Maple Street, Scottsboro, Alabama; that several minutes later he was followed by Floyd Washington, the appellant, who had a pistol in his right hand; that appellant struck Henry with the pistol and that Henry caught Washington's arm; that Washington shot Henry who fell to the floor; and that Washington then walked out of the cafe bleeding from the face.

It is the contention of the defendant, Floyd Washington, that he was attacked and injured by the deceased, R. C. Henry, and his two sons, Frank and Robert Henry, and that he did not shoot until after he had been stabbed.

The State filed a motion to strike the transcript because it was not timely filed. The record, as originally filed, did not contain a copy of the judgment entered by the trial court on the motion for a new trial. At the request of appellant, certiorari was issued to the clerk below and the record perfected. As perfected, the record shows that the time for filing the transcript of evidence and the record in this court was complied with and the motion to strike the transcript is overruled.

The appellant, when called for trial, moved to quash the venire on the grounds that the copy of the indictment served on him by the sheriff varied from the indictment returned by the Grand Jury. Evidence

was introduced on the motion from which it appears that the indictment charged:

"The Grand Jury of said County charge that before the finding of this indictment Floyd Washington, whose name to the Grand Jury is otherwise unknown than as stated, unlawfully, and with malice aforethought, killed R. C. Henry, by shooting him with a pistol, against the peace and dignity of the State of Alabama."

While the copy which was served on the defendant read:

"The Grand Jury of Said County charge that before the finding of this indictment Floyd Washington, whose name to the Grand Jury is otherwise unknown than as stated, unlawfully, and with malice aforethought, killer R. C. Henry, by shooting him with a pistol, against the peace and dignity of the State of Alabama."

The court below overruled the motion to quash and appellant now claims error in such ruling.

Only one case has come to the attention of the court which lends any comfort to the appellant. In the case of Nutt v. State, 63 Ala. 180, the indictment charged the murder of Luke Hodnett. The papers served as a copy described the deceased as Luke Hadnett. The Supreme Court reversed because of the variance.

Numerous cases decided since the decision of the Nutt case held contrary to the contention of the appellant. The Nutt case was explained in Rigsby v. State, 152 Ala. 9, 44 So. 608. There the defendant was indicted under the name of "Neal Rigsby, alias Neal Rigby". In the copy of the indictment served on him before entering upon the trial his name was stated as "Neal Rigby, alias Neal Rigby". The Supreme Court affirmed the case saying in part:

"It clearly appears from the record, and we are satisfied, that no injury resulted to the defendant from the action of the court in overruling the objection

of the defendant in being put upon his trial on this ground. In section 4333 of the Code of 1896 it is provided that 'the judgment of conviction must not be reversed because of error in the record, when the court is satisfied that no injury resulted therefrom to the defendant.' We are not to be understood as saying that there was error, but only that, if there was error, no injury resulted. The above provision was not contained in the statute at the time of the decision of the case of Nutt v. State, 63 Ala. 180."

Prior to the Nutt case the Supreme Court decided the case of Scott v. State, 37 Ala. 117, and held therein that the inclusion in the copy served on the defendant of a second count which had been previously nol prossed, was not error.

In the case of Stewart v. State, 137 Ala. 33, 34 So. 818, the indictment charged that defendant "did unlawfully and with malice aforethought kill Will Mims," etc. In the copy served on the defendant, the character "&" in the place of "and" was employed. The Court held that this variance was no ground for quashing the venire.

A case closely in point is Andrews v. State, 152 Ala. 16, 44 So. 696, wherein the Supreme Court said:

"The defendant moved to quash the venire, because the copy of the indictment served on him differed from the original. It is contended that the variance between the original indictment and the copy served on the defendant is that where the indictment has 'whose' the copy has 'whos,' and where the indictment has 'shooting' the copy has 'shooling.' In the first place, if there is anything in the slight variance which is not self-correcting, it would not furnish ground for quashing the venire, but only for setting aside the service."

In Story v. State, 178 Ala. 98, 59 So. 480, the Supreme Court wrote:

"(1) The copy of the indictment served upon the defendant differed from

the original indictment in this: 'Has' was substituted for 'had,' preceding the word 'carnal,' and 'of' was substituted for 'or' between the words 'drug' and 'substance.' The differences were not material. It was not possible for any one to be misled in respect of the charge intended to be, and that was, laid in the second count. No injury or prejudice attended the merely clerical errors shown by the substitutions stated. Code, § 6264; Rigsby v. State, 152 Ala. 9, 44 South. 608.

"The motion to quash the venire on this account was properly overruled.

"(2) The demurrer to the indictment because the copy served was different from the original was, obviously, wholly inapt. If the variance, between the original indictment and copy, had been material, the only effect would have been to continue the trial till the *requisite* service of a correct copy could have been made; the sufficiency of the copy and service of the venire proper being, as appears, unquestionable."

It was held in Milligan v. State, 208 Ala. 223, 94 So. 169:

"(4) The variance between the spelling of the name of the deceased in the original indictment and in the copy served on the defendant was slight and immaterial, and so clearly presents no reversible error as to require no separate discussion. Rigsby v. State, 152 Ala. 9, 44 South. 608."

See also Roan v. State, 225 Ala. 428, 143 So. 454.

■ It is next urged by appellant that the motion to quash the venire should have been granted because the summons issued to the jurors did not show whether each juror was summoned as a regular or special juror. This contention was answered adversely to the appellant in Dobbins v. State, 274 Ala. 524, 149 So.2d 814, a case involving the identical venire which tried the appellant.

■ The same case answers adversely to the appellant, his contention that the judge should have retained the cards of the jurors drawn until a date twenty days before the beginning of the term.

■ Appellant also argues for reversal the point that the judgment entry reciting the drawing of the jury and ordering it summoned appears in the record to have been dated August 30, 1961, while the record shows that a copy of the venire and a copy of the indictment was served by the sheriff, on the appellant on August 28, 1961. The testimony appearing in the record which was taken on the motion to quash the venire shows without contradiction that the judge in open court and in the presence of the defendant drew the jury on August 18, 1961. We hold that the judge having drawn the jury in accordance with the requirements of Title 30, Section 30, Code of Alabama, 1940, that it was not necessary that the formal entry of the order of the records of the court be made on the same date that the jury was drawn. Milligan v. State, supra; Dixon v. State, 25 Ala.App. 502, 150 So. 506, cert. den. 227 Ala. 513, 150 So. 508; Mann v. State, 265 Ala. 441, 91 So.2d 689.

In addition to the points raised by the appellant in his assignment of errors in brief, we have examined the record and conclude that this cause is due to be

Affirmed.