## MAY v. STATE.  (2 Div. 360.)

(Court of Appeals of Alabama.  Nov. 10, 1925. Rehearing Denied Nov. 24, 1925.)

**1. Criminal law ⚖=1166½(5)—That juror of slightly different name answered to name on regular venire held not prejudicial error.**

That "J. Arnold Hale" answered to name "A. Arnold Hale" appearing on regular venire *held* not prejudicial error, in view of Code 1923, §§ 8621, 8637, 8648, where evidence showed that he was commonly known as Arnold Hale, and was only one of such name in county.

**2. Criminal law ⚖=1165(2)—Highly technical and captious criticisms of trial court's rulings will not work reversal.**

Highly technical and captious criticisms of trial court's rulings will not cause appellate court to reverse causes and grant new trials in criminal cases, when it does not appear that some substantial right of defendant has been taken from him.

**3. Criminal law ⚖=1171(3)—Solicitor's argument that witness did not know defendant's character and reputation held not prejudicial error.**

Solicitor's argument to jury that witness did not know defendant's character and reputation in neighborhood; that jury could consider such circumstance in arriving at verdict; and that witness had not heard defendant's character discussed, *held* not prejudicial to defendant.

**4. Criminal law ⚖=1173(2)—Refusal of requested charges not prejudicial error, where every phase of law governing case was given in oral charge.**

Where every phase of law governing whole case, including defendant's plea, was fully, fairly, and correctly given in court's oral charge, refusal of charges to acquit if facts can be reconciled with theory that another committed crime was not prejudicial error.

**5. Criminal law ⚖=814(3)—Charge to acquit if facts, however strong, can be reconciled with theory that another committed crime, properly refused.**

Charge to acquit if facts, however strong, can be reconciled with theory that another than defendant committed crime, *held* properly refused.

**6. Criminal law ⚖=517(1)—Defendant's statements in nature of confession, shortly after shooting, held admissible.**

In murder trial, admission of testimony by properly qualified witnesses as to statements by defendant in nature of confession, shortly after shooting, *held* not error.

Appeal from Circuit Court, Sumter County; John McKinley, Judge.

Rogers May was convicted of murder in the second degree, and he appeals. Affirmed.

Certiorari denied by Supreme Court in May v. State, 214 Ala. 117, 106 So. 609.

The witness Dr. Brock testified that he had known the defendant five or six years, and that he did not "know what folks think about him; I know what I think of him."

In his closing remarks to the jury the solicitor argued that Dr. Brock did not know the character and reputation of the defendant in the neighborhood, and that was a circumstance that they could consider in arriving at their verdict; that the witness had not heard the defendant's character discussed. Defendant's objection to this argument was overruled.

Charge 2, refused to defendant, is as follows:

"The court charges the jury that no matter how strong may be the facts, if they can be reconciled with the theory that some other person committed the crime, then the jury must find the defendant not guilty."

Thos. F. Seale, of Livingston, for appellant.

Defendant's objection to being put to trial with the name of J. Arnold Hale on the jury list should have been sustained. Code 1923, §§ 8600, 8601, 8603, 8606, 8616, 8644, 8659; Dorsey v. State, 19 Ala. App. 641, 99 So. 830; Kimbrell v. State, 130 Ala. 40, 30 So. 454; Pace & Cox v. State, 69 Ala. 231, 44 Am. Rep. 513; Rampey v. State, 83 Ala. 31, 3 So. 593; Rooks v. State, 83 Ala. 79, 3 So. 720; Ezell v. State, 102 Ala. 101, 15 So. 810. The law raises no presumption whether character is good or bad, and the argument of the solicitor was improper. Danner v. State, 54 Ala. 127, 25 Am. Rep. 662; Little v. State, 58 Ala. 265; Dryman v. State, 102 Ala. 130, 15 So. 433. Requested charge 2 should have been given. Gilmore v. State, 99 Ala. 154, 13 So. 536; Gay v. State, 19 Ala. App. 238, 96 So.

---

646; Ex parte Acree, 63 Ala. 234. Statements made by defendant, an hour or so after the difficulty, are not of the res gestæ. Fonville v. State, 91 Ala. 39, 8 So. 688.

Harwell G. Davis, Atty. Gen., and Robert G. Tate, Asst. Atty. Gen., for the State.

An error in the initials of a juror does not disqualify him. Milligan v. State, 208 Ala. 223, 94 So. 169; Harris v. State, 203 Ala. 200, 82 So. 450; Savage v. State, 174 Ala. 94, 57 So. 469; Reed v. State, 18 Ala. App. 371, 92 So. 513; Kimbrell v. State, 18 Ala. App. 641, 94 So. 241; Code 1923, §§ 8621, 8637, 8648. Charge 2 was properly refused. Parham v. State, 147 Ala. 57, 42 So. 1; Thomas v. State, 106 Ala. 19, 17 So. 460; Phillips v. State, 162 Ala. 23, 50 So. 194; Ex parte Hill, 211 Ala. 311, 100 So. 315.

RICE, J. The defendant was indicted for the offense of murder in the first degree, convicted of the offense of murder in the second degree, and appeals. No good purpose would be served by a discussion of the evidence. It was ample to support the verdict returned.

[1, 2] The objection made on account of "J. Arnold Hale" answering to the name "A. Arnold Hale," which had appeared on the regular venire drawn for the week during which appellant's trial had been set, is unavailing here. It was disclosed by evidence taken that the juror in question was commonly known as "Arnold Hale," and that there was no other by such name in Sumter county. Highly technical and captious criticisms of the rulings of trial courts will not cause this court to reverse causes and grant new trials in criminal cases, when it does not appear that some substantial right of the defendant has been taken away from him. The ruling of the court here treated was free from prejudicial error. Code 1923, §§ 8621, 8637, 8648; Milligan v. State, 208 Ala. 223, 94 So. 169; Reed v. State, 18 Ala. App. 371, 92 So. 513; Savage v. State, 174 Ala. 94, 57 So. 469; Harris v. State, 203 Ala. 200, 82 So. 450.

[3] We find nothing of a nature prejudicial to defendant's rights in the argument of the solicitor, to which objection was made. The same did not transcend the rule laid down in Cross v. State, 68 Ala. 476.

[4, 5] Every phase of the law governing the consideration of the whole case, including defendant's plea, was fully, fairly, and correctly given to the jury by the trial court in his oral charge. For this reason, alone, we think there was no prejudicial error in refusing either of defendant's requested written charges. But aside from this, under the authority of Ex parte Hill, 211 Ala. 311, 100 So. 315, charge 2 was properly refused.

[6] There was no error in the admission of evidence as to the statements made by defendant shortly after the shooting. The evidence was in the nature of a confession, and the witnesses were properly qualified.

Finding no prejudicial error in the record, the judgment will be affirmed.

Affirmed.