(114 So., 279)

### GORDON v. STATE.  (2 Div. 388.)

Court of Appeals of Alabama.   June 30, 1927.

Rehearing Denied Nov. 1, 1927.

Thos. F. Seale, of Livingston, and Patton & Patton, of Carrollton, for appellant.

Charlie C. McCall, Atty Gen., for the State. Brief did not reach the Reporter.

BRICKEN, P. J.  The defendant was charged, by indictment, with murder in the first degree, and at the time of this trial in the court below was confined in the county jail under this charge.

Before entering upon the trial, the defendant made an application for a change of venue and sought to have his trial removed to another county. The application was sworn to and was in proper form and specifically set forth numerous reasons why he could not have a fair and impartial trial in the county in which the indictment was found. In support of the application for change of venue, the defendant introduced a large number of affidavits to the effect that affiants believed he could not have a fair and impartial trial in Sumter county. In opposition to the application, the state offered probably an equal number of affidavits of citizens to the effect that, from their knowledge of the public sentiment, the affiants were of the opinion and believed that such a trial would be accorded defend-

ant in said county. This matter was thus submitted to the lower court, and, it is evident from the record, was given a full and careful consideration by the court, after which the application was overruled and denied. Appellant duly reserved exception and strenuously insists that this action of the court was reversible error.

Under the existing statute, the appellate courts of this state must review and revise the rulings of the lower court upon questions of this character, and in so doing are to indulge no presumption in favor of the judgment or ruling of the lower court on said application. Code 1923, § 5579. However, before the action of the lower court will be reversed, it must affirmatively appear that error has been committed. As stated in Hawes v. State, 88 Ala. 37, 7 So. 302:

"It is not enough that it may not clearly appear the ruling below was right, or that we, acting as a court of original jurisdiction, would have hesitated to have decided as the primary court has decided, but we must see, and see clearly, that its action was wrong."

After a careful consideration of this question from its every angle, and a full and careful reading of the entire record, including all the affidavits submitted on the question as well as the well prepared briefs of able counsel for appellant, we do not conclude that the court committed reversible error in overruling the application for change of venue. We note that the affidavits in support of the application are all based upon alleged discussion of the case and expressions heard relative thereto by the several affiants, and upon this they predicate their belief as stated. It is not contended, nor was there any attempt to show, that any public or other demonstration had been made against the defendant, or that threats of violence against him had been made by any one, or that the public mind generally was prejudiced against him. The numerous affidavits submitted by the state are in like effect, and we think the actual result of this trial, under the existing facts and circumstances, tend to sustain the latter affiants. The defendant, as stated, was charged with a capital offense, that of murder in the first degree. It was insisted by the state that without provocation, except the use of opprobrious words by deceased to defendant, the defendant shot and killed Rigdon, an unarmed man, and at the time the defendant was in no danger real or apparent of suffering death or grievous bodily harm at the hands of the deceased. The defendant insisted that he fired the fatal shot in defense of his life and offered some evidence tending to support his insistence. With these material issues and insistences before the jury, we are of the opinion that the result of the trial tends to refute the allegations contained in the application for change of venue. The defendant

was convicted of murder in the second degree, and the jury fixed his punishment at 12 years' imprisonment in the penitentiary.

The motion of defendant to quash the venire was properly overruled as the statute (Code 1923, § 8648) expressly provides:

"If the sheriff fails to summon any of the jurors drawn, or any jurors summoned fail or refuse to attend the trial, or there is any mistake in the name of any juror drawn or summoned, none nor all of these grounds shall be sufficient to quash the venire or continue the cause."

Section 8637 of the Code of 1923 provides:

"No objection can be taken to any venire of jurors except for fraud in drawing or summoning the jurors."

We do not regard as necessary a detailed discussion of the numerous rulings of the court upon the admission of evidence. Each exception reserved in this connection has been examined and considered. It appears to this court that the evidence was, by the court's rulings, properly confined to the issues involved upon the trial. Certainly, we have found no error in any of these rulings calculated to injuriously affect the substantial rights of the defendant and of sufficient import to authorize or require this court to order a reversal of the judgment of conviction from which this appeal was taken.

The motion for a new trial was based principally upon the same matters and questions which were developed upon the main trial. It was within the sound discretion of the trial judge to overrule the motion of defendant to continue the motion for a new trial. We will not put the court in error for denying the motion for a new trial.

There being no error of a reversible nature, the judgment of conviction in the lower court will stand affirmed.

Affirmed.