2 So.2d 461

## ANDERSON v. STATE.

### 7 Div. 492.

Court of Appeals of Alabama.

March 18, 1941.

Rehearing Denied April 8, 1941.

Thomas W. Millican, of Talladega, for appellant.

Thos. S. Lawson, Atty. Gen., and Jas. F. Matthews, Asst. Atty. Gen., for the State.

**SIMPSON, Judge.**

Upon an indictment charging first-degree murder, the appellant (defendant) was convicted of murder in the second degree and sentenced to ten years imprisonment. He allegedly killed one Matson by cutting him with a knife.

The evidence was in sharp conflict. According to the State's evidence, as the deceased and his brother, Cap Matson, passed the house of Tomp Ealy (indicted as a codefendant, but not on trial in this proceeding), they were accosted by Ealy. Upon their going upon the porch of this house, Ealy "grabbed" deceased and called, "Here he is, come and get him", whereupon, defendant emerged from the house and struck the deceased, while Ealy and some of his family held deceased's brother, Cap. Witnesses saw deceased leaving the scene as if injured and bleeding. He died about an hour later from a stab wound which severed the lower right rib. A dying statement was made by deceased that the negro, Ealy, was guiltless and that it was the defendant who cut him. Soon thereafter, upon being apprehended for the killing, defendant stated to the arresting officer that "he had to do what he did and was * * * sorry of it." When arrested, the defendant had on his person a knife with fresh looking dirt on it, apparently having been "freshly cleaned by rubbing it in the dirt."

The tendency of the evidence for the defense was: to deny all of the foregoing, that defendant was at Ealy's house on a peaceful mission; that he only struck deceased one blow, and this with his fist only, after he was struck by deceased without cause. Neither the defendant nor his witnesses seemed to know how or why the deceased was mortally wounded.

Learned counsel for appellant urges that a reversal be ordered for the refusal to the defendant of the general affirmative charge by the trial court. Such action on our part would be unwarranted. The evidence was in striking conflict, and for the State substantial to support a conviction of homicide. Refusal of the charge in such a case was correct. Way v. State, 155 Ala. 52, 46 So. 273; Dillard v. State, 27 Ala.App. 50, 165 So. 783; Freeman v. State, ante, p. 99, 1 So.2d 917; Adams v. State, 29 Ala.App. 547, 198 So. 451.

One of the special veniremen drawn and summoned for jury duty was Walter E. Cruise. Walton E. Cruise answered thereto, having at prior sessions of court been similarly summoned. The testimony clearly shows that said Cruise, who sat on the jury in the cause, was the identical juror intended to be summoned, his Christian name having been incorrectly carried as Walter. Such mistake or imperfection in the name of said juror appears not to have been misleading or prejudicial to the defendant. The identity of the juror was readily ascertainable. So, the insistence of error in this regard is without merit. Garth v. State, 8 Ala.App. 23, 24, 62 So. 383; May v. State, 21 Ala.App. 186, 106 So. 608; Gordon v. State, 22 Ala.App. 214, 114 So. 279; Milligan v. State, 208 Ala. 223, 226, 94 So. 169; 35 C.J., p. 281, Sec. 248; 23 C.J.S., Criminal Law, page 273, § 960(c-2).

Likewise, there was no error in accepting as a juror in the case the brother-in-law of the deceased's sister. No relationship by consanguinity or affinity is presented as would disqualify said juror. Louisville & N. Ry. Co. v. Holland, 173 Ala. 675, 55 So. 1001; Code 1923, § 8610 (4), Code 1940, Tit. 30, § 55, subd. 4.

We have scanned the record for error and find none. The several rulings of the court upon the admission and exclusion of evidence were correct.

There was no impropriety in disallowing proof of the general bad character of the deceased. In a murder prosecution, such inquiry should be limited

to his character or reputation for violence, turbulence, and bloodthirstiness; and this, of course, only where the issue of self-defense is presented. Sanford v. State, 2 Ala.App. 81, 88, 57 So. 134; McKenney v. State, 17 Ala.App. 117, 82 So. 565; 30 C.J., p. 229, Sec. 465.

■ Nor was there error in the admission of the dying statement of the deceased, shortly before death, as to who cut him. The weight and credence to be accorded an intoxicated or allegedly intoxicated witness, who so testified, were for the jury.

It is the conclusion of this court, after studious consideration of the entire case, that no error to the substantial injury of the defendant below is presented. We think the judgment should be affirmed.

Affirmed.

On Rehearing.

PER CURIAM.

Counsel for appellant, upon rehearing, takes us to task for the statement in our opinion, above, that the dying declaration of the deceased incriminated the defendant.

The statement of deceased, that "Old Man Anderson cut me", is, as we read the evidence, susceptible of no other interpretation.

■ The proof is absent that any other person struck deceased; nor has counsel, who now complains, furnished any enlightenment. On the contrary, he contends that the admission of such dying declaration was error. Had the deceased meant some one other than defendant, such evidence, being far from prejudicial, was substantially beneficial to his defense, therefore not subject to assertion of error for its admission. Obviously, there is no merit in the contention. The bill of exceptions must be construed most strongly against the exceptor. Schrimsher v. Carroll, 225 Ala. 188, 142 So. 547.

■ That juror Cruise acted as foreman when the verdict was returned or that defendant was not acquainted with him does not alter the correctness of our decision upon this point. His status was similar to that of any other juror and the defendant had the privilege, had he invoked it, of identifying him.

We have again studied the case. We have given due consideration to the propositions urged on rehearing. We are con-

vinced that no substantial error is made to appear.

Opinion extended and application overruled.