3 So.2d 321

## WRIGHT v. STATE.

### 8 Div. 954.

Court of Appeals of Alabama.

May 13, 1941.

Rehearing Denied June 10, 1941.

Raymond Murphy, of Florence, for appellant.

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, III, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment in this case originally contained three counts. Before entering upon the trial the defendant interposed demurrers to counts two and three thereof, which demurrers were sustained; the trial, therefore, was had upon count one of the indictment. Said count is as follows: "The Grand Jury of Said County Charge That before the Finding of This Indictment: Claude Wright, whose name is to the Grand Jury otherwise unknown, on his examination as a witness in his own behalf, duly sworn to testify on the trial of said Claude Wright in the Law and Equity Court of Lauderdale County, Alabama, on an affidavit for operating a motor vehicle while intoxicated, which said Court had authority to administer such oath, falsely swore that he, the said Claude Wright, was not driving the said motor vehicle, the matters so sworn to be material, and the testimony of the said Claude Wright being willfully and corruptly false."

The record discloses that one B. T. Romine, the principal State witness upon both these trials, made affidavit on the 3rd. day of May 1939, charging this appellant, defendant below, with the offense of operating a motor vehicle, in the City of Florence, Alabama, while intoxicated. Said affidavit was sworn and subscribed to before Ernest L. McClure, ex officio Clerk of the Law and Equity Court of Lauderdale County, in which court the trial of defendant was had upon said affidavit. In the Law and Equity Court, aforesaid, several witnesses were examined upon the trial of Claude Wright, and said trial was had before a jury in said case, who returned a verdict of, "We the jury find the defendant not guilty." On the original trial in the Law and Equity Court, the defendant testified in his own behalf and stated (1) he was not intoxicated, and (2) that he

was not driving the car. His several witnesses testified to identically the same thing.

As stated above, the indictment in this case charged that the defendant's testimony on the first trial that "he was not driving the said motor vehicle," was false, and that this particular part of his testimony was material, and was wilfully and corruptly false.

It affirmatively appears, from this record, that the testimony of this defendant was identically the same on both of the trials, as was that of several witnesses who testified as did the defendant on both of these trials; it thus appearing that the issue of fact, and also the testimony, was the same in both trials of this defendant.

■ Earnest counsel for appellant insists that, the real and only issue of fact having been duly and legally adjudicated upon the first trial in a court of competent jurisdiction by the jury, who heard and tried the first case, and said by their verdict that the defendant was not guilty, this should be conclusive of the case at bar.

The proposition of law embodied in the foregoing insistence has, we find, been the subject of much comment in the courts of numerous jurisdictions; and the decisions of the several courts on this question are in marked conflict. As to the rule in this State, this court, in the cases of McDaniel v. State, 13 Ala.App. 318, 69 So. 351; and Jay v. State, 15 Ala.App. 255, 73 So. 137, certiorari denied Ex parte Jay, 198 Ala. 691, 73 So. 1000, has been definitely settled that such an insistence is untenable, and that a plea of this character is no answer to the indictment. In the Jay case, supra, numerous citations of authorities upon the proposition, pro and con, appear. We find no necessity of discussing the proposition further. This, for the reason that a discussion and further decision of the question is not necessary to a conclusion in this case. In this connection, however, it appears in the case at bar, the acquittal of the defendant upon the first trial was not rested solely upon his testimony, as there were several other eye witnesses, who, as stated, testified on each trial, to exactly the same facts as did the defendant. No indictment, however, was sought as to any of these witnesses, except the defendant.

■ Appellant's counsel, in briefs, makes the assertion that the prosecution in the two cases against appellant was the result of the vindictive activities of the original prosecutor, and insists that the facts as shown by the record bear out and sustain this assertion. In support of the foregoing assertion our attention is directed to the following facts as shown by the record: (1) That without complaint from anyone, and without misconduct of appellant in any manner, and without a warrant of arrest or other legal authority, the prosecutor followed defendant's car for several blocks in the City of Florence on the Sunday morning in question and when defendant's car stopped for the purpose of one of the (two) young friends, who were riding in the car also, to buy a package of cigarettes, at which time Romine, the prosecutor, arrested him for the alleged driving of the car while intoxicated, placed him in prison, and on the next succeeding day made the affidavit, hereinabove mentioned, and upon which the defendant was put upon trial in the Law and Equity Court, which trial after a full and thorough examination of all the witnesses resulted in the acquittal of the defendant of the offense with which he was charged. That Romine, the prosecutor, and principal State witness, being dissatisfied and chagrined with the result of the trial, immediately set about to corral, from among his cohorts, other witnesses who were not examined as witnesses on the original trial, and upon whose testimony, coupled with his own, Romine succeeded in having the grand jury to indict, not all of the witnesses, who testified as did defendant on the first trial, but only the defendant Claude Wright, for perjury in the alleged false swearing in the first trial.

The foregoing contentions of counsel for appellant appear to be substantially supported by the record; but all this was for the jury to consider, and not for this court to pass upon and determine; the jurisdiction here being appellate only in questions of this character.

It is further insisted that the trial court erred in several instances in its rulings upon the admission and rejection of the testimony; and further, that there was error in the action of the court in overruling and denying the defendant's motion for a new trial.

■ Upon examination of the rulings of the court upon the admission of testimony to which exceptions were reserved, we find some of the exceptions to be well taken; notably, the rulings of the court upon the cross-examination (on rebuttal)

of State witness Romine, the original prosecutor, upon whose testimony the State relied principally for a conviction of the defendant.

Upon the direct examination of said witness he was allowed to, and did testify, fully as to the facts and circumstances pertaining to the trial of this case. Also to the fact that he had testified as a witness for the State on the first trial of this defendant in the Law and Equity Court. Upon cross-examination of this witness the defendant propounded numerous questions to this witness in an effort to show the existence of marked discrepancies and contradictions in the testimony of this witness upon the trial of this case, and that given by him on the former or first trial of this defendant. Defendant strenuously insists in this connection that his attempted cross-examination of the witness was unduly and erroneously abridged by the rulings of the court in sustaining the State's objections to a number of the questions propounded to the witness by the defendant in his effort to show to the jury the alleged discrepancies and contradictions of the witness' testimony on the two trials of this defendant.

Special stress is laid upon the following incident, shown by the record: During the examination of prosecutor Romine, the defendant on cross and recross examination of said witness on direct and upon rebuttal propounded several questions to witness as to what he swore on the trial of the original case. The transcript of the testimony upon the first trial had been properly identified and authenticated as being correct by the testimony of the court reporter who took down and transcribed the testimony on that occasion. On rebuttal, the defendant in order to contradict witness Romine as to several statements made by him when testifying on this trial undertook to introduce in evidence certain designated portions (1, 2, 3 and 4) of this witness' testimony from the transcript of evidence aforesaid, to which action the State through its assistant solicitor interposed the following objection: "The State objects to the introduction of the above testimony given on the former trial by Mr. Romine as being illegal, irrelevant, immaterial, incompetent. It just shows the defendant's counsel is trying to bust up what Ben Romine said in court last May. He wasn't satisfied with what the jury did with it. And the State objects because it is clouding the record with immaterial matters as to what he may or may not have testified on that trial, the only question in this case before this jury is whether what the defendant Wright testified to on that trial as to whether it was true or false and whether the defendant at that time wilfully, corruptly and intentionally testified to matters material which was false."

"The court sustained the above objection, and the defendant duly and legally excepted to this action of the court."

The foregoing ruling of the court was error. The law expressly provides: "The right of cross-examination thorough and sifting, belongs to every party as to the witnesses called against him." It clearly appears that the portions of the testimony of witness Romine offered in evidence was offered for the purpose of testing the recollection of the witness and also in contradiction of his testimony on this trial. Further, that it was not offered as independent testimony. Section 7731, Code 1923, Code 1940, Tit. 7, § 443. The constitution of our State, Const. 1901, § 6, provides that the accused in criminal prosecutions has the right "to be confronted by the witnesses against him," and this provision imports the constitutional privilege to cross-examine the opposing witnesses. Wray v. State, 154 Ala. 36, 45 So. 697, 15 L.R.A.,N.S., 493, 129 Am.St.Rep. 18, 16 Ann.Cas. 362.

The indictment in this case, hereinabove set out, is confined, as will be noted, to the single charge that upon his former trial he falsely swore that "he was not driving the said motor vehicle."

In this case, as in all criminal cases, the defendant was required to answer only to the specific charge contained in the indictment and to none other.

To constitute the offense of perjury the matters sworn to and complained of in the indictment must be material, for if on the trial for perjury the evidence fails to disclose the materiality of the alleged false statements, then of course the defendant would be entitled to his acquittal. This presents the question as to whether or not the statement that the defendant "was not driving the said motor vehicle" was material in contemplation of law. Certainly it is not unlawful for a person to drive a motor vehicle generally, and the only issue here involved is, was the statement made by the accused as complained of in the indictment material? The question of whether or not he was in-

toxicated at the time is not involved upon this trial. On his first trial the defendant and all of his witnesses testified that he was not intoxicated, and upon said testimony the trial court upon the verdict of the jury acquitted him of the particular charge of being intoxicated while driving said car. Judgment acquitting the defendant was formally pronounced and entered. If the indictment in this case had charged the defendant with perjury in testifying that upon the occasion in question he was not intoxicated, and also, he was not driving the motor vehicle, it would have presented a different question. But the grand jury as will be noted did no such thing, hence so far as the record is concerned, the materiality of the matters alleged to have been wilfully and corruptly sworn is not apparent. The State would not be justified in proceeding upon the assumption that the defendant was intoxicated on the occasion complained of, for that question is not involved in the indictment in this case. Moreover, it affirmatively appears from this record that the court of competent jurisdiction had already, on the first trial, duly and legally adjudicated that he was not intoxicated on that occasion, and no semblance of issue has been taken upon that particular adjudication.

In acting upon the motion for a new trial the court should have taken cognizance of the foregoing material question, it being a question of law for the trial court to decide.

The insistence of the Attorney General to the effect that the motion for a new trial is not presented, hence this court may not consider same, is not borne out by the record, and the case of Bullard v. State, 29 Ala.App. 117, 192 So. 430, relied upon to sustain the insistence is not in point, and has no analogy to the case at bar. In the Bullard case, supra, this court said, and properly so:

"This judgment was entered on the 30th day of May, 1939. On July 29, 1939, the defendant filed a motion for a new trial supported by affidavits as to his previous good character, and affidavits to the effect that a confession of guilt was forced from him by cruel punishment administered by two deputy sheriffs. This motion was overruled.

"After the expiration of thirty days from the rendition of the judgment of conviction, the Circuit Court lost all power over it and was without jurisdiction to act otherwise than to overrule the motion. Code of 1923, Section 6670 [Code 1940, Tit. 13, § 119]."

In this case, judgment entry was made and entered on the 20th day of September, 1939. The record affirmatively shows that the motion for a new trial was filed with the Clerk on October 13, 1939, and was called to the attention of the trial judge on the 17th day of October, 1939, and the trial judge at that time set the motion down for hearing on the 28th of October, 1939. On October 28th, 1939, the trial court again continued the motion to November 27th, 1939. The court acted within its sound discretion in continuing the motion. Gordon v. State, 22 Ala.App. 214, 114 So. 279. On November 27th, 1939, the court overruled and denied the motion, to which action the defendant duly and legally excepted. The said exception is noted in the bill of exceptions as the rule requires; therefore in all respects the motion was duly and properly presented, and we perforce will proceed to review the action of the trial court in this connection.

It is clear to this court that the conviction of this young appellant, for the grievous offense of perjury, under the enumerated facts and circumstances of this case, is of very doubtful and grave propriety. The motion for a new trial should have been promptly granted by the trial court, and in overruling and denying said motion the court erred, necessitating a reversal of the judgment of conviction from which this appeal was taken.

Reversed and remanded.

SIMPSON, J., not sitting.